Melissa Grant (SBN 205633)
MGrant@InitiativeLegal.com
Valerie Kincaid (SBN 123728)
VKincaid@InitiativeLegal.com
Arnab Banerjee (SBN 252618)
ABanerjee@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:   (310) 556-5637
Facsimile:    (310) 861-9051

Attorneys for Plaintiffs Irene Fernandez,
Stephen J. Mendes, Cristina Aragon, and Regina Kay Thornton

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE FERNANDEZ, STEPHEN J. MENDES, CRISTINA ARAGON, and REGINA KAY THORNTON individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT, U.S.A., INC., a Delaware corporation,<br><br>Defendant. | Case No.:  **'12 CV 1783 AJB  DHB**<br><br>**CLASS ACTION COMPLAINT & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 *ET SEQ.***<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>(3) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);<br>(4) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);<br>(5) Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses);<br>(6) Violation of Labor Code §§ 2698, *et seq*. ("PAGA"); and<br>(7) Violation of California Business & Professions Code §§ 17200, *et seq*.<br><br>**Jury Trial Demanded** |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    Plaintiffs Irene Fernandez, Stephen J. Mendes, Cristina Aragon, and
2    Regina Kay Thornton ("Plaintiffs"), individually and on behalf of all other
3    members of the public similarly situated, allege as follows:

### JURISDICTION AND VENUE

4
5    1.    This class action is brought pursuant to Federal Rule of Civil
6    Procedure 23.  The monetary damages and restitution sought by Plaintiffs exceed
7    the minimal jurisdiction limits of this Court and will be established according to
8    proof at trial.

9    2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §
10   1332(d)(2) because this case is filed as a class action under Fed. R. Civ. P. 23,
11   the aggregate amount in controversy exceeds the sum of $5,000,000.00,
12   exclusive of interest and costs, the vast majority of putative class members are
13   citizens of California, and Defendant is a citizen of Delaware and Georgia.

14   3.    Venue is proper in this district and division under 28 U.S.C. §
15   1391(b)(2) because Defendant maintains retail stores in this district and employs
16   a large number of class members and/or aggrieved employees in this district and
17   thus a substantial part of the events or omissions giving rise to the claims
18   asserted herein occurred in this judicial district.

19   4.    California Labor Code sections 2699 *et seq.*, PAGA, authorizes
20   aggrieved employees to sue directly for various civil penalties under the
21   California Labor Code.

22   5.    Plaintiffs Irene Fernandez, Stephen J. Mendes, and Cristina Aragon
23   timely provided notice on July 12, 2012 to the California Labor and Workforce
24   Development Agency ("LWDA") and to Defendant, pursuant to California Labor
25   Code section 2699.3.

### THE PARTIES

26
27   6.    Plaintiff Irene Fernandez is a resident of Santa Ana in Orange
28   County, California.

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

7.     Plaintiff Stephen J. Mendes is a resident of Watsonville in Santa Cruz County, California.

8.     Plaintiff Cristina Aragon is a resident of Modesto in Stanislaus County, California.

9.     Regina Kay Thornton is a resident of Highland in San Bernardino County, California.

10.     Defendant HOME DEPOT, U.S.A., INC. ("HOME DEPOT") was and is, upon information and belief, a Delaware corporation doing business in California, with its principal place of business in Atlanta, Georgia, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

11.     Plaintiffs are informed and believe, and thereon allege, that Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

12.     Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

13.     Plaintiffs' proposed class consists of and is defined as follows:
       All non-exempt or hourly paid employees, excluding installers, supervisors, and managers, who worked for Defendant in a California retail store, from August 14, 2009 until the date of certification ("Class").

14.     Plaintiffs' first proposed subclass consists of and is defined as follows:
       All non-exempt or hourly paid employees, excluding installers, supervisors, and managers, who worked for Defendant in a California retail store, within one year prior to the filing of this complaint until the date of certification ("One Year Subclass").

15.     Plaintiffs reserve the right to redefine the above Class and One Year

Subclass, and to establish additional subclasses as appropriate based on discovery and specific theories of liability.

16.     Excluded from the Class and Subclass are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

17.     Members of the Class and the One Year Subclass will collectively be referred to hereinafter as "class members."

18.     This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2), or (b)(3) and satisfies the requirements thereof.

19.     The exact number of class members is presently unknown, but given that HOME DEPOT U.S.A., INC. has at least 231 retail stores in California, according to its 2011 annual report, it is reasonable to presume that the members of the Class and Subclass are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

20.     The foregoing allegations are based upon HOME DEPOT U.S.A., INC.'s corporate procedures and policies making the case well suited for Class Certification.

21.     There are common questions of law and fact as to the Class and One Year Subclass including, but not limited to, the following:

> (a)     Whether Defendant required Plaintiffs and class members to work off-the-clock without payment;
>
> (b)     Whether Defendant required Plaintiffs and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiffs and class members;
>
> (c)     Whether Defendant failed to pay at least minimum wage for

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    all hours worked by Plaintiffs and class members;

2    (d)    Whether Defendant deprived Plaintiffs and class members of

3    meal periods or required Plaintiffs and class members to work

4    during meal periods without compensation;

5    (e)    Whether Defendant deprived Plaintiffs and class members of

6    rest periods or required Plaintiffs and class members to work

7    during rest periods without compensation;

8    (f)    Whether Defendant complied with wage reporting

9    requirements under California Labor Code section 226(a);

10   (g)    Whether Defendant failed to timely pay all wages due to

11   Plaintiffs and class members upon termination;

12   (h)    Whether Defendant failed to timely pay all earned wages to

13   Plaintiffs and class members during their employment;

14   (i)    Whether Defendant failed to reimburse Plaintiffs Thornton

15   and Aragon and class members for all necessary business

16   expenses incurred;

17   (j)    Whether Defendant engaged in unfair business practices in

18   violation of California Business & Professions Code sections

19   17200, *et seq.*; and

20   (k)    The appropriate amount of damages, restitution, or monetary

21   penalties resulting from Defendant's violations of California

22   law.

23   22.    Plaintiffs' claims are typical of those of the class and subclass

24   because Plaintiffs and class members suffered injury in fact and lost money as a

25   result of Defendant's wrongful conduct.

26   23.    Plaintiffs will adequately protect the interests of class members and

27   have retained counsel experienced in consumer class action litigation.  Plaintiffs

28   have no interests that are adverse to or conflict with those of class members.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  Plaintiffs are committed to the vigorous prosecution of this action and, to that
2  end Plaintiffs have retained counsel competent and experienced in handling class
3  actions on behalf of employees and consumers.

4      24.    A class action is superior to all other available methods for the fair
5  and efficient adjudication of this controversy since joinder of all members is
6  impracticable.  Furthermore, as the amount suffered by individual class members
7  may be relatively small, the expense and burden of individual litigation make it
8  impossible for class members to individually redress the wrongs done to them.
9  There will be no difficulty in the management of this case as a class action.

10      25.    In the alternative, this action is certifiable under the provisions of
11  Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) because:

12          a.    The prosecution of separate actions by individual class
13              members would create a risk of inconsistent or varying
14              adjudications with respect to individual class members which
15              would establish incompatible standards of conduct for
16              Defendant.

17          b.    The prosecution of separate actions by individual class
18              members would create a risk of adjudications as to them
19              which would, as a practical matter, be dispositive of the
20              interests of the other class members not parties to the
21              adjudications, or substantially impair or impede their ability
22              to protect their interests; and

23          c.    Defendant has acted or refused to act on grounds generally
24              applicable to the Class and One Year Subclass, thereby
25              making appropriate final injunctive relief or corresponding
26              declaratory relief with respect to the Class and One Year
27              Subclass and necessitating that any such relief be extended to
28              class members on a mandatory, class-wide basis.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

26. Plaintiffs are not aware of any difficulty which will be encountered in the management of this litigation which should preclude its maintenance as a class action.

27. Among other things, each class member's interest in individually controlling the prosecution of the claims herein makes it virtually impossible to assert those claims outside the class action context.

28. Moreover, the class definition is ascertainable and lends itself to class certification because Defendant maintains records, pursuant to California and Federal law, of its employees who fit within the class definitions and can therefore easily produce the records that would identify all class members.

## GENERAL ALLEGATIONS

29. Defendant has employed Plaintiff Irene Fernandez as a non-exempt, hourly paid "cashier" from May 6, 2011 to the present, at Defendant's Irvine, California retail business location.

30. Defendant employed Plaintiff Stephen J. Mendes as a non-exempt, hourly paid "Garden Associate" from 2009 to August of 2011 at Defendant's Watsonville, California retail location.

31. Defendant employed Cristina Aragon as a non-exempt, hourly paid "Sales Specialist" from March 2011 to October 2011 in Defendant's Stockton, California retail location.

32. Defendant employed Regina Kay Thornton in various non-exempt, hourly paid positions including cashier, operator and at the special services desk from approximately 2003 to June 29, 2011 in Defendant's San Bernardino, California retail location.

33. Defendant continues to employ non-exempt hourly paid employees within California.

34. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendant was advised by skilled lawyers and other

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

35.     Plaintiffs are informed and believe, and thereon allege, that employees were not paid for all hours worked because all hours worked were not recorded.

36.     Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

37.     Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and class members were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work that was required to be done off-the-clock.

38.     Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and class members were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs' and class members' regular rate of pay when they did not receive a timely uninterrupted meal period, and that they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiffs' and class members' regular rate of pay when they did not receive a timely uninterrupted meal period.

39.     Plaintiffs are informed and believe, and thereon allege, that Defendant knew or should have known that Plaintiffs and class members were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiffs' and class members' regular rate of pay when a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiffs' and class members' regular rate of pay when a rest

CLASS ACTION COMPLAINT

1  period was missed.

2      40.    Plaintiffs are informed and believe, and thereon allege, that

3  Defendant knew or should have known that Plaintiffs and class members were

4  entitled to receive complete and accurate wage statements in accordance with

5  California law.  In violation of the California Labor Code, Plaintiffs and class

6  members were not provided complete and accurate wage statements.

7      41.    Plaintiffs are informed and believe, and thereon allege, that

8  Defendant knew or should have known that Plaintiffs and class members were

9  entitled to timely payment of all wages earned upon termination.  In violation of

10  the California Labor Code, Plaintiffs and class members did not receive payment

11  of all wages, including, but not limited to, minimum wages, and unpaid meal and

12  rest period premium wages within permissible time periods.

13      42.    Plaintiffs are informed and believe, and thereon allege, that

14  Defendant knew or should have known that Plaintiffs and class members were

15  entitled to timely payment of wages during their employment.  In violation of the

16  California Labor Code, Plaintiffs and class members did not receive payment of

17  all wages, including, but not limited to minimum wages, and unpaid meal and

18  rest period premium wages within permissible time periods.

19      43.    Plaintiffs are informed and believe, and thereon allege, that

20  Defendant knew or should have known that Plaintiffs Thornton and Aragon and

21  class members were entitled to receive full reimbursement for all business-

22  related expenses and costs they incurred during the course and scope of their

23  employment, and that they did not receive full reimbursement of applicable

24  business-related expenses and costs they incurred.

25      44.    Plaintiffs are informed and believe, and thereon allege, that at all

26  times herein mentioned, Defendant knew or should have known that they had a

27  duty to compensate Plaintiffs and class members, and that Defendant had the

28  financial ability to pay such compensation, but willfully, knowingly and

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  intentionally failed to do so, and falsely represented to Plaintiffs and other class

2  members that they were properly denied wages, all in order to increase

3  Defendant's profits.

4       45.    At all times herein set forth, PAGA was applicable to Plaintiffs'

5  employment by Defendant.

6       46.    At all times herein set forth, PAGA provides that any provision of

7  law under the California Labor Code that provides for a civil penalty to be

8  assessed and collected by the LWDA for violations of the California Labor Code

9  may, as an alternative, be recovered through a civil action brought by an

10  aggrieved employee on behalf of himself and other current or former employees

11  pursuant to procedures outlined in California Labor Code section 2699.3.

12       47.    Pursuant to PAGA, a civil action under PAGA may be brought by

13  an "aggrieved employee," who is any person that was employed by the alleged

14  violator and against whom one or more of the alleged violations was committed.

15       48.    Plaintiffs were employed by Defendant and the alleged violations

16  were committed against them during their time of employment and they are,

17  therefore, aggrieved employees.  Plaintiffs and other employees are "aggrieved

18  employees" as defined by California Labor Code section 2699(c) in that they are

19  all current or former employees of Defendant, and one or more of the alleged

20  violations were committed against them.

21       49.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an

22  aggrieved employee, including each Plaintiff, may pursue a civil action arising

23  under PAGA after the following requirements have been met:

24            (a)    The aggrieved employee shall give written notice by certified

25  mail (hereinafter "Employee's Notice") to the LWDA and the

26  employer of the specific provisions of the California Labor

27  Code alleged to have been violated, including the facts and

28  theories to support the alleged violations.

CLASS ACTION COMPLAINT

(b)     The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

50.     On July 12, 2012, Plaintiffs provided written notice by certified mail to the LWDA and to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3. Defendant has failed to cure any of the alleged violations.

51.     Therefore, as of August 14, 2012, the administrative prerequisites under California Labor Code section 2699.3(a) will be satisfied, and Plaintiffs will have authorization to recover civil penalties and unpaid wages against Defendant, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2800, and 2802, unless the LWDA provides timely notice of its intent to investigate Plaintiffs' Labor Code claims.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

52.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 51.

53.     California Labor Code section 1198 and the applicable Industrial

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ
2   persons without compensating them at a rate of pay either time-and-one-half or
3   two-times that person's regular rate of pay, depending on the number of hours
4   worked by the person on a daily or weekly basis.

5       54.    Specifically, the applicable IWC Wage Order provides that
6   Defendant is and was required to pay Plaintiffs and class members employed by
7   Defendant, and working more than eight (8) hours in a day or more than forty
8   (40) hours in a workweek, at the rate of time-and-one-half for all hours worked
9   in excess of eight (8) hours in a day or more than forty (40) hours in a
10  workweek.

11      55.    The applicable IWC Wage Order further provides that Defendant is
12  and was required to pay Plaintiffs and class members employed by Defendant,
13  and working more than twelve (12) hours in a day, overtime compensation at a
14  rate of two times their regular rate of pay.

15      56.    California Labor Code section 510 codifies the right to overtime
16  compensation at one-and-one-half times the regular hourly rate for hours worked
17  in excess of eight (8) hours in a day or forty (40) hours in a week or for the first
18  eight (8) hours worked on the seventh day of work, and to overtime
19  compensation at twice the regular hourly rate for hours worked in excess of
20  twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh
21  day of work.

22      57.    During the relevant time period, Plaintiffs and class members
23  worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a
24  day, and/or in excess of forty (40) hours in a week.  More specifically, Defendant
25  has a corporate policy and or practice of erasing and/or reducing the amount of
26  overtime wages paid to hourly non-exempt employees such as Plaintiffs and
27  class members.  Defendant employed various means in order to facilitate the
28  non-payment of overtime wages including, among other things, having managers

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   submit forms to human resources to reduce the hours that Plaintiffs and class

2   members were paid for.  In addition, on occasions when Plaintiffs and class

3   members worked past their shift to finish up their assigned duties, help

4   customers, or discuss work related matters with managers, Defendant refused to

5   pay them for those hours worked beyond their scheduled shifts.  Also, on

6   occasions when Plaintiffs and class members closed the store (their shifts ended

7   at or after store closing times), they were required to wait, after having clocked

8   out, for the store manager to complete his closing duties before they were

9   permitted to leave the store to go home.  Plaintiff and class members were not

10  paid for this off-the-clock waiting time.  Accordingly, during the relevant time

11  period, Plaintiffs and class members were not paid for the hours they worked in

12  excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or

13  in excess of forty (40) hours in a week.

14         58.    Since Plaintiffs and class members were regularly required to work

15  over eight hours in one day and over forty hours in one week, these hours were

16  neither recorded nor paid.  Plaintiffs and class members were not paid overtime

17  wages for this off-the-clock work.

18         59.    During the relevant time period, Defendant willfully failed to pay all

19  overtime wages owed to Plaintiffs and class members.

20         60.    Defendant's failure to pay Plaintiffs and class members the unpaid

21  balance of overtime compensation, as required by California law, violates the

22  provisions of California Labor Code sections 510 and 1198, and is therefore

23  unlawful.

24         61.    Pursuant to California Labor Code section 1194, Plaintiffs and class

25  members are entitled to recover their unpaid overtime compensation, as well as

26  interest, costs, and attorneys' fees.

27

28

CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid**

**Minimum Wages**

62.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 61.

63.     At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

64.     During the relevant time period, Plaintiffs and class members regularly worked off-the-clock.  As set forth above, Defendant has a corporate policy and/or practice of erasing or reducing the hours worked by Plaintiff and class members, failing or refusing to pay for hours worked beyond the shifts of Plaintiffs and class members, and locking the doors of its retail stores upon closing and requiring Plaintiffs and class members to remain inside the store for extended periods of time off-the-clock.  Moreover, Defendant required and/or permitting Plaintiffs and class members to work through meal periods as they attempted to get their assigned duties completed during their scheduled hours. To the extent these hours did not qualify for the payment of overtime premium, Plaintiffs and class members have not even been paid minimum wages for this off-the-clock work.

65.     During the relevant time period, Defendant regularly failed to pay Plaintiffs and class members at least minimum wages for this work as required by California Labor Code sections 1194, 1197 and 1197.1.

66.     Defendant's failure to pay Plaintiffs and class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those sections, Plaintiffs and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as

interest, costs, and attorney's fees.

67.    Pursuant to California Labor Code section 1194.2, Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements**

68.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 67.

69.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including the name and address of the legal entity that is the employer, total hours worked and all applicable hourly rates, among other things.

70.    Defendant intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to accurately list the total hours Plaintiffs and class members worked as a result of Defendant's reducing or erasing of Plaintiff and class members' hours worked, or as a result of failing to record hours worked off-the-clock through meal breaks or when clocked out for closing shifts.

71.    As a result of Defendant's violation of California Labor Code section 226(a), Plaintiffs and class members have suffered injury and damage to their statutorily protected rights.

72.    Specifically, Plaintiffs and class members have been injured by Defendant's intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).  In addition, because Defendant failed to provide the

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

accurate number of total hours worked on wage statements, Plaintiffs have been prevented by Defendant from determining if all hours worked were paid and the extent of the underpayment.  Plaintiffs have had to file this lawsuit, conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiffs were paid correctly and the extent of the underpayment, thereby causing Plaintiffs to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendant provided the accurate number of total hours worked.  This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendant.

73.    Plaintiffs and class members are entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

74.    Plaintiffs and class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202—
### Wages Not Timely Paid Upon Termination

75.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 74.

76.    At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

77.     During the relevant time period, Defendant wilfully failed to pay Plaintiffs and class members who are no longer employed by Defendant all their earned wages, including, but not limited to, unpaid overtime wages, unpaid minimum wages, and unpaid meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ.

78.     Defendant's failure to pay Plaintiffs and class members who are no longer employed by Defendant all their earned wages at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ, is in violation of California Labor Code sections 201 and 202.

79.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

80.     Plaintiffs and class members are entitled to recover from Defendant the statutory penalty which is defined as Plaintiffs' and class members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## FIFTH CAUSE OF ACTION

## Violation of California Labor Code §§ 2800 and 2802—Unpaid Business Expenses

81.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 80.

82.     At all times herein set forth, California Labor Code sections 2800 and 2802 provide that an employer must reimburse employees for all necessary

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    expenditures.

2    83.    During the relevant time period, Plaintiffs Thornton and Aragon and

3    other class members incurred necessary business-related expenses and costs that

4    were not fully reimbursed by Defendant, including, but not limited to, work

5    related travel and mileage expenses.  Defendant had, and continues to have, a

6    policy of not reimbursing employees for actual mileage expenses necessarily

7    incurred for the performance of their job duties.  For example, Plaintiffs

8    Thornton and Aragon and other class members were required to travel in their

9    own vehicles to attend work-related training sessions held at distant locations but

10   were not reimbursed for the actual mileage expenses they incurred.  Defendant

11   failed to reimburse Plaintiffs Thornton and Aragon and other class members for

12   their expenses.

13   84.    Defendant has intentionally and willfully failed to fully reimburse

14   Plaintiffs Thornton and Aragon and other class members for necessary business-

15   related expenses and costs.  Defendant's conduct violates California Labor Code

16   sections 2800 and 2802.

17   85.    Plaintiffs Thornton and Aragon and other class members are entitled

18   to recover from Defendant their business-related expenses incurred during the

19   course and scope of their employment, plus interest, pursuant to California Labor

20   Code sections 2800 and 2802.

21                         **SIXTH CAUSE OF ACTION**

22              **Violation of California Labor Code §§ 2698,** *et seq.*

23   86.    Plaintiffs incorporate by reference and re-allege as if fully stated

24   herein the material allegations set out in paragraphs 1 through 85.

25   87.    California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiffs

26   to recover civil penalties for the violation(s) of the Labor Code sections

27   enumerated in Labor Code section 2699.5.

28   88.    Defendant's conduct, as alleged herein, violates numerous sections

of the California Labor Code, including, but not limited to, the following:

       (a)    Violation of Labor Code sections 510 and 1198 for Defendant's failure to compensate Plaintiffs and other aggrieved employees for all overtime hours worked as herein alleged;

       (b)    Violation of Labor Code sections 1194, 1197, and 1197.1 for Defendant's failure to compensate Plaintiffs and other aggrieved employees for all hours worked with at least minimum wages as herein alleged;

       (c)    Violation of Labor Code section 226(a) for Defendant's failure to provide compliant wage statements to Plaintiffs and other aggrieved employees, as herein alleged;

       (d)    Violation of Labor Code sections 201, 202, and 203 for Defendant's failure to timely pay all earned wages to Plaintiffs and other aggrieved employees upon discharge as herein alleged;

       (e)    Violation of Labor Code section 204 for Defendant's failure to pay all earned wages owed to Plaintiffs and other aggrieved employees during employment as set forth more fully below;

       (f)    Violation of Labor Code sections 2800 and 2802 for Defendant's failure to reimburse all work related expenses incurred by Plaintiffs Thornton and Aragon and other aggrieved employees as herein alleged; and

       (g)    Violation of Labor Code sections 226.7 and 512 for Defendant's failure to provide meal and rest periods to Plaintiffs and other aggrieved employees and failure to pay premium wages for missed meal and rest periods as set forth more fully below.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

89.     California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  During the relevant time period, Defendant failed to pay Plaintiffs and other aggrieved employees all wages due to them within any time period specified by California Labor Code section 204 including, but not limited to, overtime wages, minimum wages, and missed meal and rest period premiums.

90.     California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.  The applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. California Labor Code section 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the

first meal period was not waived.  During the relevant time period, Plaintiffs and other aggrieved employees did not receive timely, uninterrupted meal periods of at least thirty (30) minutes.  For example, Defendant often required, caused or permitted Plaintiffs and other aggrieved employees to work more than five hours of work without a meal period.  Plaintiffs and other aggrieved employees were not relieved of all duties and instead required to continue working to help customers or finish their assigned duties.  Also, Plaintiffs and other aggrieved employees would have to clock out for their meal period to continue working to help customers or complete assigned duties as there was insufficient staffing to relieve them of their duties and because they needed to continue working to complete their assigned duties within their scheduled hours.  Moreover, Defendant would alter the time records of Plaintiffs and other aggrieved employees to show that meal periods had been taken timely or that that they had taken full 30 minute uninterrupted meal periods when in fact they had not been.  Defendant failed to pay Plaintiffs and other aggrieved employees the full meal period premium due pursuant to California Labor Code section 226.7.

91.    California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.  The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.  During the relevant time period, Plaintiffs and other aggrieved employees did not receive a ten (10) minute rest period for every four (4) hours worked.  For example, as with meal periods, Plaintiffs and other aggrieved employees would have to forgo their rest periods or cut their rest periods short because Defendant would not

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

relieve them from their duties but required them to continue working to help customers or complete assigned duties.  Defendant failed to pay Plaintiffs and other aggrieved employees the full rest period premium due pursuant to California Labor Code section 226.7.

92.     Labor Code section 558 (a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."  Labor code section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

93.     Defendant, at all times relevant to this complaint, is an employer or person acting on behalf of an employer(s) who violated Plaintiffs' and aggrieved employees' rights by violating

94.     As set forth above, Defendant has violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the Industrial Welfare commission and are subject to civil penalties, in addition to those provided by Labor Code sections 2698(a) and (f), under section 558.  Accordingly, Plaintiffs seek the remedies set forth in Labor Code section 558 for themselves, the State of California, and all other aggrieved employees.

95.     Pursuant to PAGA, and in particular California Labor Code sections

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

2699(a), 2699.3, 2699.5 and 558, Plaintiffs, acting in the public interest as private attorneys general, seek assessment and collection of unpaid wages and civil penalties for Plaintiffs, all other aggrieved employees, and the State of California against Defendant, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2800, and 2802.

## SEVENTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.*

96.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 95.

97.     Defendant's conduct, as alleged herein, has been, and continues to be unfair, unlawful, and harmful to Plaintiffs, class members, and to the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

98.     Defendant's activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

99.     A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. In the instant case, Defendant's policies and practices have violated state law in at least the following respects:

            (a)     Requiring non-exempt employees, including Plaintiffs and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable Industrial Welfare Commission Order;

            (b)     Failing to pay Plaintiffs and class members at least minimum wage in violation of California Labor Code sections 1194,

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   1197 and 1197.1 and the applicable Industrial Welfare

2   Commission Order;

3   (c)   Failing to provide Plaintiffs and class members with

4   compliant wage statements in violation of California Labor

5   Code section 226(a) and the applicable Industrial Welfare

6   Commission Order;

7   (d)   Failing to timely pay all earned wages to Plaintiffs and class

8   members in violation of California Labor Code sections 201,

9   202, 203, and 204 and the applicable Industrial Welfare

10   Commission Order;

11   (e)   Failing to reimburse all work related expenses incurred by

12   Plaintiffs Thornton and Aragon and class members in

13   violation of California Labor Code sections 2800 and 2802;

14   and

15   (f)   Failing to provide uninterrupted meal and rest periods or to

16   pay premium wages for missed meal and rest periods to

17   Plaintiffs and class members in violation of California Labor

18   Code sections 226.7 and 512.

19   100.   Pursuant to California Business & Professions Code sections 17200

20   *et seq.*, Plaintiffs and class members are entitled to restitution of the wages

21   withheld and retained by Defendant during a period that commences four years

22   prior to the filing of this complaint; a permanent injunction requiring Defendant

23   to pay all outstanding wages due to Plaintiffs and class members; an award of

24   attorneys' fees pursuant to California Code of Civil Procedure section 1021.5

25   and other applicable laws; and an award of costs.

26   **REQUEST FOR JURY TRIAL**

27   101.   Plaintiffs request a trial by jury of all issues which may be tried by a

28   jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

1

**PRAYER FOR RELIEF**

2      Plaintiffs, on behalf of all others similarly situated, pray for relief and

3  judgment against Defendant as follows:

4      1.    For damages, restitution penalties, injunctive relief, and attorneys'

5  fees in excess of five million dollars ($5,000,000), exclusive of interest and

6  costs.  Plaintiffs reserve the right to seek a larger amount based upon new and

7  different information resulting from investigation and discovery.

8

**Class Certification**

9      2.    That this case be certified as a class action;

10      3.    That Plaintiffs be appointed as the representatives of the Class and

11  One Year Subclass;

12      4.    That counsel for Plaintiffs be appointed as class counsel.

13

**As to the First Cause of Action**

14      5.    That the Court declare, adjudge, and decree that Defendant violated

15  California Labor Code sections 510 and 1198 and applicable IWC Wage Orders

16  by willfully failing to pay all overtime wages due to Plaintiffs and class

17  members;

18      6.    For general unpaid wages at overtime wage rates and such general

19  and special damages as may be appropriate;

20      7.    For pre-judgment interest on any unpaid overtime compensation

21  commencing from the date such amounts were due;

22      8.    For reasonable attorneys' fees and for costs of suit incurred herein

23  pursuant to California Labor Code section 1194(a); and

24      9.    For such other and further relief as the Court may deem equitable

25  and appropriate.

26

**As to the Second Cause of Action**

27      10.    That the Court declare, adjudge, and decree that Defendant violated

28  California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    minimum wages to Plaintiffs and class members;

2        11.    For general unpaid wages and such general and special damages as

3    may be appropriate;

4        12.    For pre-judgment interest on any unpaid compensation from the date

5    such amounts were due;

6        13.    For reasonable attorneys' fees and for costs of suit incurred herein

7    pursuant to California Labor Code section 1194(a);

8        14.    For liquidated damages pursuant to California Labor Code section

9    1194.2; and

10       15.    For such other and further relief as the Court may deem equitable

11   and appropriate.

12                   **As to the Third Cause of Action**

13       16.    That the Court declare, adjudge, and decree that Defendant violated

14   the recordkeeping provisions of California Labor Code section 226(a) and

15   applicable IWC Wage Orders by willfully failing to provide compliant wage

16   statements to Plaintiffs and class members;

17       17.    For all actual, consequential and incidental losses and damages,

18   according to proof;

19       18.    For statutory penalties pursuant to California Labor Code section

20   226(e);

21       19.    For injunctive relief to ensure compliance with this section, pursuant

22   to California Labor Code section 226(h); and

23       20.    For such other and further relief as the Court may deem equitable

24   and appropriate.

25                   **As to the Fourth Cause of Action**

26       21.    That the Court declare, adjudge, and decree that Defendant violated

27   California Labor Code sections 201, 202 and 203 by willfully failing to pay

28   Plaintiffs and class members who are no longer employed by Defendant all their

earned wages, including unpaid overtime wages, unpaid minimum wages, and unpaid meal and rest period premium wages either at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ;

22.    For all actual, consequential and incidental losses and damages, according to proof;

23.    For waiting time penalties according to proof pursuant to California Labor Code section 203 for all class members who have left Defendant's employ;

24.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

25.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

26.    That the Court declare, adjudge, and decree that Defendant violated the following California Labor Code sections as to Plaintiffs and the One Year Subclass: 510 and 1198 (by failing to pay all overtime wages due); 1194, 1197, and 1197.1 (by failing to pay at least minimum wages for all hours worked), 226(a) (by failing to provide accurate wage statements), 201, 202, 203, and 204 (by failing to timely pay all earned wages upon termination and during employment), 2800 and 2802 (by failing to reimburse all work-related expenses) and 226.7 and 512 (by failing to provide all meal and rest periods and failing to pay for all missed meal and rest periods).

27.    For civil penalties and unpaid wages pursuant to California Labor Code sections 2699(a) and/or 2699(f) and (g) and 558, plus costs and attorneys' fees, for violations of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2800, and 2802; and

28.    For such other and further relief as the Court may deem equitable and appropriate.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**As to the Sixth Cause of Action**

29.   That the Court declare, adjudge and decree that Defendant violated California Labor Code sections 2800 and 2802 by willfully failing to pay all business-related expenses owed to Plaintiffs Thornton and Aragon and class members;

30.   For unreimbursed expenses and such general and special damages as may be appropriate;

31.   For pre-judgment interest on any unreimbursed expenses from the date such amounts were due;

32.   For all actual, consequential and incidental losses and damages, according to proof; and

33.   For such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

34.   That the Court declare, adjudge, and decree that Defendant violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiffs and class members all overtime compensation and minimum wages due to them, failing to provide compliant wage statements, failing to timely pay all earned wages upon termination and during employment, failing to reimburse all work-related expenses, failing to provide all meal and rest periods, and failing to pay for all missed meal and rest periods;

35.   For restitution of unpaid wages to Plaintiffs and all class members and pre-judgment interest from the day such amounts were due and payable;

36.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

37.   For reasonable attorneys' fees and costs of suit incurred herein

CLASS ACTION COMPLAINT

1    pursuant to California Code of Civil Procedure section 1021.5;

2         38.    For injunctive relief to ensure compliance with this section, pursuant

3    to California Business & Professions Code sections 17200, *et seq.*; and

4         39.    For such other and further relief as the Court may deem equitable

5    and appropriate.

6    Dated:  July 19, 2012                              Respectfully submitted,

7                                                        Initiative Legal Group APC

8

9                                         By: _____

10                                                      Melissa Grant
                                                        Valerie Kincaid
11                                                      Arnab Banerjee

12                                                      Attorneys for Plaintiffs Irene Fernandez,
                                                        Stephen J. Mendes, Cristina Aragon, and
13                                                      Regina Kay Thornton

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT